**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEVEN RAY PIGG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-796-GKF-FHM |
| | ) |
| BRUCE HOWARD, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing pro se. Respondent filed a response (Dkt. # 6) and provided the state court records (Dkt. ## 6, 7) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

On November 15, 2008, in Locust Grove, Oklahoma, Officer Tim Cooper (Cooper) stopped a vehicle because it had a broken windshield and its driver's side mirror was missing. Petitioner Steven Pigg (Petitioner) was driving the vehicle and Robert Justice (Justice) was the front seat passenger. Cooper observed that Justice smelled of marijuana and appeared to be under the influence of marijuana. After obtaining Petitioner's consent to search the vehicle, Cooper ran his drug dog around the vehicle. The dog did a "head throw" beside the trunk and alerted beside the

---

[1]Petitioner is currently in custody at the Howard McLeod Correctional Center, Atoka, Oklahoma. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Bruce Howard, Warden, is the proper respondent. Therefore, Bruce Howard, Warden, is hereby substituted in place of the State of Oklahoma as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

passenger door. Both Petitioner and Justice were placed under arrest at the scene. Deputy Davis arrived as backup and assisted Cooper with searching the vehicle. They found marijuana "shake" on the floorboard and a small baggie containing a white powder in a brown paper sack just behind the middle console. The white powder field tested positive for methamphetamine. Petitioner told Cooper he did not know anything about the methamphetamine found in his car.

Based on those events, Petitioner was charged, by Information filed in Mayes County District Court, Case No. CF-2008-258, with Possession of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies (Count I); Driving With License Suspended (Count II); and Defective Vehicle (Count III). After his request for a continuance was denied, Petitioner waived a jury trial and proceeded with a non-jury trial, held on April 29, 2010. The trial judge accepted Petitioner's pleas of guilty to Counts II and III and found Petitioner guilty of Count I. On July 26, 2010, the trial judge sentenced Petitioner to twenty (20) years imprisonment and a fine of $5,000 on Count I, and fines of $100 and $10 on Counts II and III, respectively. Petitioner was represented during trial by attorney Brant Shallenburger.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney S. Gail Gunning, Petitioner raised the following proposition of error:

> Proposition 1: The evidence is insufficient to prove beyond a reasonable doubt the charge against Appellant in Count I – Possession of a Controlled Dangerous Substance (Methamphetamine).

(Dkt. # 6-1). In addition, Petitioner filed a pro se supplemental brief raising an additional proposition of error, as follows:

> Appellant was denied the right to jury trial in violation of Amendments VI and XIV of the United States Constitution and Article II Sections 19 and 20 of the Oklahoma Constitution.

Id. at 17. On October 24, 2011, in Case No. F-2010-724, the OCCA entered its unpublished summary opinion, rejecting both propositions of error and affirming the Judgment and Sentence of the district court. (Dkt. # 6-3). Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he file an application for post-conviction relief in the state district court.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on December 22, 2011. As his petition, Petitioner simply attaches the two briefs filed on direct appeal and requests reversal of the Judgment and Sentence or favorable modification of the sentence on Count I based on the two claims raised in the briefs. Id. In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). (Dkt. # 6).

*ANALYSIS*

A. **Exhaustion/Evidentiary hearing**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented his habeas grounds to the OCCA on direct appeal. Therefore, the Court finds Petitioner satisfied the exhaustion requirement before filing his habeas petition.

The Court further finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

B. **Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state

convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786-87 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v.

4

Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented grounds 1 and 2 to the OCCA on direct appeal. Because the OCCA addressed Petitioner's claims on the merits, the Court will review these claims under the standards of § 2254(d).

### 1. Sufficiency of the evidence

As his first ground of error, Petitioner claims that the State presented insufficient evidence to support his conviction for Possession of a Controlled Dangerous Substance (Methamphetamine). (Dkt. # 1 at 9). In support of this claim, Petitioner argues that the trial testimony of defense witness Regina Ball (Ball) "should be given significant weight." Id. at 15. Petitioner also asserts that his conviction on Count I was based on "no more than suspicion": suspicion resulting from his prior drug-related convictions, suspicion resulting from the drug dog's alert to the passenger side door of the vehicle, and suspicion attributable to Petitioner's proximity to the methamphetamine found in the car. (Id. at 13-15). Petitioner concludes that "[t]he totality of the evidence presented in Mr. Pigg's trial falls short of proof beyond a reasonable doubt that Appellant knowingly and intentionally possessed the methamphetamine found in the back seat of the car he was driving." (Id. at 16). In adjudicating this claim on direct appeal, the OCCA cited Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985), and ruled as follows:

> We find that a reasonable trier of fact could have found Appellant guilty of the crime of Possession of CDS beyond a reasonable doubt. Where actual possession is absent, constructive possession can be inferred through "additional factors" including other incriminating evidence. *Johnson v. State*, 1988 OK CR 246, ¶ 6, 764 P.2d 530, 532. Additional factors were present here. Ms. Ball's testimony creates only a conflict of evidence to be decided by the trier of facts. *Dolph v. State*, 1974

5

> OK CR 46, ¶ 10, 520 P.2d 378, 381. The trial court, within its discretion, decided the credibility of all evidence presented and found Appellant guilty. Proposition one is denied.

(Dkt. # 6-3 at 2).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The same test applies to both jury and bench trials. United States v. Mayberry, 913 F.2d 719, 721 (9th Cir. 1990). "This standard of review respects the [fact finder's] responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. A habeas court does not evaluate witness credibility or question the fact finder's reasonable conclusion based on the record. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997). In Brown v. Sirmons, 515 F.3d 1072 (10th Cir. 2008), the Tenth Circuit Court of Appeals addressed application of AEDPA standards to a sufficiency of the evidence claim, as follows:

> Sufficiency of the evidence on a habeas petition is a mixed question of law and fact. Maynard v. Boone, 468 F.3d 665, 673 (10th Cir. 2006). We ask whether the facts are correct and whether the law was properly applied to the facts, "which is why we apply both 28 U.S.C. § 2254(d)(1) and (d)(2) when reviewing sufficiency of the evidence on habeas." Id. In light of the presumption of correctness afforded by 28 U.S.C. § 2254(e), we must defer to any determination of a factual issue by the state court. Id.

Id. at 1089.

In applying the Jackson standard, the Court looks to Oklahoma law to determine the substantive elements of the relevant criminal offense. Jackson, 443 U.S. at 324 n.16. Under Oklahoma law, no person may be convicted of possession of a controlled dangerous substance (methamphetamine) unless the State proves each of the following elements beyond a reasonable doubt: "first, knowing and intentional; second, possession; third, of the controlled dangerous substance of methamphetamine." See OUJI-CR2d 6-6; Okla. Stat. tit. 63, § 2-402(A) (2000).

In this habeas proceeding, Petitioner challenges the sufficiency of the evidence supporting the "knowing and intentional" element. He relies on Ball's testimony that the methamphetamine found in the car belonged to her and that it had been "two, three years, maybe four" since she had seen Petitioner use methamphetamine. (Dkt. # 7-2, Tr. at 57, 60). Ball also testified that Petitioner did not know that the methamphetamine was in the car. Id. at 60. Furthermore, at the time of his arrest, Petitioner told the arresting officer that he "didn't know anything about" the methamphetamine found in the vehicle. Id. at 20.

However, under Oklahoma law, even if the State lacks evidence of "actual physical custody of contraband," it may prove "constructive" possession of drugs or drug paraphernalia by circumstantial evidence of "additional independent factors showing [the accused's] knowledge and control." Johnson v. State, 764 P.2d 530, 532 (Okla. Crim. App. 1998) (internal quotations and citations omitted). "Such independent factors may consist of incriminating conduct by the accused, . . . or any other circumstance from which possession may be fairly inferred." Id. (internal citations and quotations omitted). Here, Petitioner was driving the car where the methamphetamine was found. See Dkt. # 7-2, Tr. at 7. Furthermore, although Petitioner's driver's license was suspended and, as a result, he infrequently drove the car, he nonetheless owned the car. Id. at 20, 69. In

7

addition, at the time of the traffic stop, he knew that his girlfriend, Ball, was a user of methamphetamine. Id. at 58. That evidence was sufficient to show knowledge and control and supported Petitioner's constructive possession of the drugs found in the car. Significantly, as stated by the OCCA, the trial judge, as the trier of fact, decided the credibility of all evidence presented, including the testimony of Ball, and found Petitioner guilty. Under 28 U.S.C. § 2254(d)(1) and (d)(2), the facts are correct and the law was properly applied to the facts.

Therefore, upon review of the record, the Court finds that the evidence, when viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to have found the essential elements of Possession of a Controlled Dangerous Substance beyond a reasonable doubt, including the "knowing and intentional" element. Petitioner has not shown that the OCCA's conclusion, that "a reasonable trier of fact could have found Appellant guilty of the crime of Possession of CDS beyond a reasonable doubt" (Dkt. # 6-3 at 2), was contrary to, or an unreasonable application of, Jackson. Petitioner's request for habeas corpus relief on Ground 1 is denied.

### 2. Denial of right to jury trial (Ground 2)

In his second ground for relief, Petitioner contends that he was forced to choose between his rights to a jury trial and to compulsory process to obtain witnesses in his favor because, through no fault of his own, he was unable to obtain the presence of the key witness for the defense in the time allowed. (Dkt. # 1 at 21). Petitioner argues that the trial court committed reversible error by failing to grant his request for a continuance and informing him that "the only way he could have a jury trial was to have it on [the next day,] February 3, 2010, without his key witness." Id. at 23. Rejecting this claim on direct appeal, the OCCA found that:

> [W]e find that Appellant was not forced to waive his right to jury trial in order to secure his desired witness. The trial court found that Appellant lacked due diligence

8

and denied Appellant's motion for a third continuance. Only then did Appellant decide to waive his jury trial, which gave him time to secure his witness for a bench trial. Appellant offered no reason as to why five months was not enough time to have Ms. Ball present for the jury trial. *Hux v. State*, 1976 OK CR 205, ¶ 19, 554 P.2d 82, 85. The trial court's decision to deny Appellant's motion to continue the jury trial was a proper use of discretion. *Id.*, 1976 OK CR 205, ¶ 17, 554 P.2d at 85. We find that the trial [court] exercised no abuse of discretion in denying the verbal motion for continuance, and we find that Appellant knowingly and voluntarily waived his jury trial right.

(Dkt. # 6-3 at 2-3).

"[B]road discretion must be granted trial courts on matters of continuances." Morris v. Slappy, 461 U.S. 1, 11 (1983). The Tenth Circuit has noted that, "[a] trial judge's decision to deny a motion for continuance constitutes an abuse of discretion only if the denial was 'arbitrary or unreasonable and materially prejudiced the [defendant].'" See Phillips v. Ferguson, 182 F.3d 769, 775 (10th Cir. 1999) (quoting United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990)). Whether denial of a continuance constitutes an abuse of discretion

> turns largely upon the circumstances of the individual case[,] . . . including: "the diligence of the party requesting the continuance, the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, the inconvenience to the opposing party, its witnesses, . . . and the harm that appellant might suffer as a result of the . . . court's denial of the continuance."

Case v. Mondragon, 887 F.2d 1388, 1396 (10th Cir. 1989) (citations omitted). In a habeas proceeding, the abuse of discretion "'must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process.'" Id. (quoting Hicks v. Wainwright, 633 F.2d 1146, 1148 (5th Cir. 1981)).

To the extent Petitioner challenges the denial of his request for a continuance as an abuse of discretion, the Court finds that the trial judge's ruling was not so fundamentally unfair that it resulted in a violation of due process. First, the trial judge had granted Petitioner's two prior

9

requests for continuances. See Dkt. # 6-5. In addition, the record reflects that counsel for Petitioner requested a continuance because it was necessary to bring defense witness Ball from the Tulsa County Jail to the Mayes County courthouse. See Dkt. # 7-1 at 3. In response, the prosecutor assured the trial court that he "was prepared to writ this witness back . . . and at this time the state is ready to proceed." Id. The trial judge denied Petitioner's request for a third continuance and advised that "we are ready to proceed [tomorrow] at 9:30 with the jury trial." Id. at 3-4. Stating his belief that "it would be difficult to be prepared with the witness that needs to be writted back from Tulsa County," counsel for Petitioner then stated that it "would probably be necessary to waive jury trial at this time." Id. at 4. Petitioner has not offered an explanation for the failure to have his witness available for the jury trial setting established after the trial judge granted his second request for a continuance. Nor has he offered an explanation for the inability "to be prepared with the witness" once she was transported to Mayes County. Petitioner has failed to show that, under the facts of this case, the denial of a continuance rose to the level of a due process violation.

To the extent Petitioner claims his waiver of the right to a jury trial was involuntary or coerced, he has failed to present clear and convincing evidence to rebut the presumption of correctness afforded the trial judge's finding that Petitioner's waiver of a jury trial was competently, knowingly, and intelligently given. A defendant may waive his constitutional right to a jury trial only upon "a clear showing that such waiver was competently, knowingly and intelligently given." Valega v. City of Oklahoma City, 755 P.2d 118, 119 (Okla. Crim. App. 1988). "A record showing an intelligent, competent and knowing waiver of a fundamental right is mandatory. Anything less is not a waiver." Id. Any claim that Petitioner's waiver of his right to a jury trial was involuntary is belied by the record. After defense counsel stated that Petitioner waived his right to a jury trial,

the trial judge examined Petitioner to insure that he was competent and that his waiver was voluntary and knowing. See Dkt. # 7-1, Tr. at 4-7. The record reflects that, after Petitioner was sworn, the following exchange took place:

> THE COURT: You understand that you have a right to a jury trial?
>
> DEFENDANT PIGG: Yes, Your Honor.
>
> THE COURT: You understand that was set for Monday [yesterday] and a bench warrant was taken under advisement until we heard from you late yesterday afternoon and we do still have a jury impaneled and ready to proceed; do you understand that?
>
> DEFENDANT PIGG: Yes, Your Honor.
>
> THE COURT: With a right to a jury trial you have several rights. The state must prove beyond a reasonable doubt that you are guilty of every element of the crime charged. Do you understand that?
>
> DEFENDANT PIGG: Yes, Your Honor.
>
> THE COURT: If that hearing were held, you would have the ability to confront any witnesses called against you, you could call witnesses on your own behalf and present a defense. Do you understand that?
>
> DEFENDANT PIGG: Yes, Your Honor.
>
> THE COURT: If you were to do that, you would have to be found guilty by unanimous verdict of all of the jurors beyond a reasonable doubt. Do you understand that?
>
> DEFENDANT PIGG: Yes, Your Honor.
>
> THE COURT: You have a right to remain silent throughout the entire proceedings and you would not be compelled to testify against yourself. Do you understand that?
>
> DEFENDANT PIGG: Yes, Your Honor.

| | |
|---|---|
| THE COURT: | Do you understand all of the rights to a jury trial and you're fully knowledgeable about the rights you're waiving, giving up here today? |
| DEFENDANT PIGG: | Yes, Your Honor, because I can't get my witnesses down here fast enough. |
| THE COURT: | You could still have a jury trial and have a jury determine your fate, but by waiving that right you're giving up that right. Do you understand? |
| DEFENDANT PIGG: | Yes, Your Honor. |
| THE COURT: | Are you under the influence of any alcohol, medication or drugs that would impair your decision making today? |
| DEFENDANT PIGG: | No, Your Honor. |
| THE COURT: | Are you under any undue influence, pressure, threats or force to waive your jury trial today? |
| DEFENDANT PIGG: | No, Your Honor. |
| THE COURT: | You're doing this on your own free will? |
| DEFENDANT PIGG: | Yes, Your Honor. |
| THE COURT: | Are you thinking clearly today? |
| DEFENDANT PIGG: | Yes, Your Honor. |
| THE COURT: | Anything impairing your judgment today? |
| DEFENDANT PIGG: | Not my judgment, no, sir. |
| THE COURT: | Do you know what you're doing? |
| DEFENDANT PIGG: | I believe so, I believe I can, I believe I'm not getting a jury trial because I can't get my witnesses down here fast enough. |
| THE COURT: | You've talked to your counsel about that; is that correct? |
| DEFENDANT PIGG: | Yes, Your Honor, I understand. |

| | |
|---|---|
| THE COURT: | Once you waive a jury trial, you can't ask for it back, do you understand that? |
| DEFENDANT PIGG: | Yes, Your Honor. |
| THE COURT: | Is there any plea agreement? |
| MR. RAMSEY: | No, Your Honor, there is not. |
| THE COURT: | Okay. All right. Counsel, is there any reason why you feel your client is not competent to waive jury trial today? |
| MR. SHALLENBURGER: | No, Your Honor. |
| THE COURT: | All right. I will accept the waiver, I do find that the defendant is competent. I find that he's freely and voluntarily giving up his rights to a jury trial and waiving that today. I also feel comfortable that he knows what he's doing in regard to being knowledgeable in that regard. |

Id. The trial judge's finding that Petitioner's waiver was knowing and voluntary, id. at 7, is a finding of fact and is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). For purposes of habeas review, Petitioner fails to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's finding of fact that Petitioner's waiver of his right to a jury trial was entered voluntarily. Jarrell v. Jordan, 7 F. App'x 852, 853-54 (10th Cir. 2001) (unpublished)[2] (affording presumption of correctness to state court finding that guilty pleas were entered knowingly and voluntarily); 28 U.S.C. § 2254(e)(1).

After consideration of the entire record, the Court concludes Petitioner fails to show that the OCCA's direct appeal decision was contrary to, or an unreasonable application of, federal law as

---

[2]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

determined by the Supreme Court. 28 U.S.C. § 2254(d). For that reason, Petitioner's request for habeas corpus relief on Ground 2 shall be denied.

**C.     Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d at 937-38. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note on the record the **substitution** of Bruce Howard, Warden, in place of the State of Oklahoma party respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 20th day of November, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT